UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

DONNIE E. WILSON, et al.                                              PLAINTIFFS

v.                                                    CIVIL ACTION NO. 3:08CV-635-S

STEWART TITLE GUARANTY COMPANY                                         DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter is before the court on motion of the defendant, Stewart Title Guaranty Company ("STGC") for summary judgment in this action concerning coverage under a title insurance policy. The policy was purchased to insure clear title to a parcel of real estate in Bardstown, Kentucky. This action was filed in the Nelson County, Kentucky, Circuit Court. It was removed to this court under our diversity jurisdiction by STGC, a Texas Corporation.

A party moving for summary judgment has the burden of showing that there are no genuine issues of fact and that the movant is entitled to summary judgment as a matter of law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 151-60, 90 S. Ct. 1598, 16 L. Ed. 2d 142 (1970); *Felix v. Young*, 536 F.2d 1126, 1134 (6th Cir. 1976). Not every factual dispute between the parties will prevent summary judgment. The disputed facts must be material. They must be facts which, under the substantive law governing the issue, might affect the outcome of the suit. *Anderson v. Liberty Lobby, Inc.*, 106 S. Ct. 2505, 2510 (1986). The dispute must also be genuine. The facts must be such that if they were proven at trial, a reasonable jury could return a verdict for the non-moving party. *Id.* at 2510. The disputed issue does not have to be resolved conclusively in favor of the non-moving party, but that party is required to present some significant probative evidence which makes

it necessary to resolve the parties' differing versions of the dispute at trial. *First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 288-89 (1968). The evidence must be construed in a light most favorable to the party opposing the motion. *Bohn Aluminum & Brass Corp. v. Storm King Corp.*, 303 F.2d 425 (6th Cir. 1962).

The pertinent facts underlying this action are not in dispute.

On May 10, 2006, the plaintiffs, Donnie E. and Pamela W. Wilson ("the Wilsons"), entered into a contract with Sheryl Crumpton and Wanda Hunt to purchase a parcel of property referred to as Lot No. 17 of the Country Squire Estates in Bardstown, Kentucky ("the Property"). In accordance with the provisions of the contract, the Wilsons hired Charles R. Meyer, a surveyor, to perform a staked survey of the property.

Meyer completed the survey on May 19, 2006. The survey revealed that the adjacent blacktop driveway for Lot 16 encroached over the boundary line. The survey also revealed that Lot 17 consisted of 4.946 acres, rather than 5.289 acres as listed in Nelson County Plat Book 3, p. 12 and the Wilson's sales contract. The Wilsons were told by the surveyor that this was apparently due to the placement of a county roadway known as Ludwick Drive which encroached on the property.

The Wilsons inspected the property with their realtor and the surveyor on the evening of May 25, 2006, the night before the closing. They received a copy of the survey at that time. The Wilsons were told that while Meyer was surveying the property, the owner of Lot 16, Gary Helm, had come out of his home and questioned Meyer. The surveyor stated that Helm had been upset about his placement during the survey of some boundary markers at the rear of the property. The Wilsons suspected, but were unable to confirm, that the neighbor had pulled up one of the boundary stakes.

The real estate closing was held on May 26, 2006 at the law offices of John Wooldridge. Wooldridge, STGC's closing agent/attorney, performed the title examination and conducted the closing. At the closing, the Wilsons purchased the title insurance policy in question in this action. They did not raise any question concerning the county road, the driveway encroachments, or the acreage discrepancy, nor did they mention the surveyor's encounter with Helm, the adjacent property owner. The encroachments and acreage discrepancy were duly noted on the survey and the Wilsons had notice of those issues at and prior to the closing.

On May 30, 2006, Helm filed an action in the Nelson Circuit Court regarding Lots 16 and 17, and placed a *Lis Pendens* notice against Lot 17. In his lawsuit, Helm claimed adverse possession of a portion of Lot 17. The complaint did not specify what portion of the property Helm claimed. But it was later clarified that Helm claimed adverse possession of a part of the rear portion of Lot 17 near the boundary marker.

Helm had filed suit against Crumpton and Hunt, the owners of record of Lot 17 on the date the lawsuit was filed. The Wilsons were unaware of the filing of the lawsuit. They later intervened in the action to protect their interest in the property.

In March of 2007, the Wilsons made a demand for coverage under the policy and requested that STGC provide a defense in the Helm action. STGC responded that "This policy does not insure against loss or damage (and the Company will not pay costs, attorneys' fees or expenses) which arise by reason of...encroachments, overlaps, boundary line disputes, or other matters which would be disclosed by an accurate survey or inspection of the premises."

In 2008, the Wilsons retained an attorney who made a second demand of STGC after learning that a *lis pendens* notice had been filed prior to the recording of the deed. STGC responded

that "You have indicated that an LP was of record. The action for which the LP was recorded does not contain a specific designation of a disputed boundary. There is no clear challenge to specific described property. Further, as indicated in [STGC]'s letter dated May 24, 2007, there is an exception for survey matters." This second demand was thus also denied.

The Wilsons filed this action against STGC on November 7, 2008 in the Nelson County Circuit Court alleging breach of contract, breach of fiduciary duty, and violation of the Unfair Claims Settlement Practices Act.

> The title insurance policy provides, in pertinent part:
>
> Subject to the exclusions from coverage, the exceptions from coverage contained in Schedule B and the Conditions and Stipulations, Stewart Title Guarany Company...insures, as of the Date of Policy shown in Schedule A, against loss or damage, not exceeding the Amount of Insurance stated in Schedule A, sustained or incurred by the insured by reason of:
>
> ...2. Any defect in or lien or encumbrance on the title;
>
> 3. Unmarketability of the title...
>
> The Company will also pay the costs, attorneys fees and expenses incurred in defense of the title, as insured, but only to the extent provided in the Conditions and Stipulations...
>
> The following matters are expressly excluded from the coverage of this policy and the Company will not pay loss or damage, costs, attorneys' fees or expenses which arise by reason of:
>
> ...3. Defects, liens, encumbrances, adverse claims, or other matters:
>
> > (a) created, suffered, assumed or agreed to by the insured claimant...[1]

Schedule B to the policy states:

---

[1] This subsection of the policy was not cited as a ground for either denial of coverage. It was not until the filing of this motion that this provision of the policy was mentioned.

> This policy does not insure against loss or damage (and the Company will not pay costs attorneys' fees or expenses) which arise by reason of:
>
> ...3. Encroachments, overlaps, boundary line disputes, or other matters which would be disclosed by an accurate survey or inspection of the premises...

The Wilsons claim losses due to an encumbrance on the title to the property.[2] STGC has moved for summary judgment on the basis of the two exclusion recited above which it contends preclude both coverage and a duty to provide a defense. Contrary to STGC's contention, neither of these provisions operates to preclude coverage under the undisputed facts of this case.

STGC urges that the Wilsons suffered or agreed to an adverse claim by Helm by failing to report Helm's dissatisfaction with Meyer's placement of boundary markers at the rear of the property. The terms "suffered" and "agreed to" are not defined in the policy. There has been no evidence adduced by STGC that the Wilsons suffered or agreed to anything other than matters of which they were made aware by the survey. Specifically, the Wilsons knew of but did not take issue with the encroachment of Helm's driveway over the boundary line or the encroachment of the county road which rendered the acreage less than represented in the sales contract. They knew nothing of a claim of adverse possession by the adjacent property owner.

Schedule B, ¶ 3 establishes that loss or damage from boundary line disputes or other matters which would have been revealed by an accurate survey are not covered by the policy. Helm claimed adverse possession in his lawsuit of a portion of the property that he allegedly occupied and tended over the years. This claim of adverse possession is not a matter which was or could have been revealed by an accurate survey of the property. Boundary line matters were revealed by the survey,

---

[2] The Wilsons contend that a *lis pendens* is an encumbrance created by statute, citing KRS 382.420. STGC has not argued to the contrary. However, the Wilsons have not moved for summary judgment. On this summary judgment motion, we take the facts in the light most favorable to the non-moving party, here, the Wilsons, and we assume that the Wilsons found themselves faced with a validly filed *lis pendens* encumbering their title.

such as the driveway and public roadway encroachments, but these bear no relation to and provide no notice of the Helm's adverse possession claim.

The duty to defend in an action is construed more broadly than the duty to indemnify losses. If there is "any allegation in the complaint which may potentially, possibly or might come within the coverage of the policy, then the insurance company has a duty to defend." *O'Bannon v. Aetna Casualty & Surety Co.,* 678 S.W.2d 390, 392 (Ky. 1984). In their first denial, STGC assumed that the loss or damage arose from a boundary line dispute that was discoverable by an accurate survey. In fact, STGC urges in their motion that not only was the boundary line dispute discoverable, it was actually discovered by the survey secured by the Wilsons prior to closing. Summary Judgment Motion, p. 9. However, there is no evidence that the adverse possession claim relating to the rear boundary was ever mentioned by Helm prior to his filing of the complaint. There is no evidence that the boundary dispute in issue was discovered or was discoverable from an accurate survey.

The Wilsons claim that a title attorney's duty of care in performance of the title examination extends to the buyers as third-party beneficiaries. *Seigle v. Jasper*, 867 S.W.2d 576 (Ky.App. 1993). The Wilsons contend that STGC's agent's failure to discover and disclose the *lis pendens* against the real estate after the closing but before the recording of the deed constituted a cognizable breach of fiduciary duty.

STGC states that it does not dispute that a pre-existing *lis pendens* would normally trigger coverage under the policy. Reply, p. 2. STGC asserts, however, that this is not the normal case, inasmuch as the Wilsons "suffered, assumed or agreed to" the encumbrance. As the court has found that STGC has failed to establish entitlement to summary judgment on this ground, we will similarly deny summary judgment to STGC on the Wilsons' fiduciary duty claim.

STGC contend that it is entitled to summary judgment on the claim for violation of the Unfair Claims Settlement Practices Act, as one of the elements to establish such a claim is proof that the insurer was obligated to pay the claim under the terms of the policy. *Citing, Witmer v. Jones*, 864 S.W.2d 885, 890 (Ky. 1993). As we conclude that STGC is not entitled to summary judgment on the claims for breach of contract or breach of fiduciary duty, it has not shown entitlement to summary judgment on the Unfair Claims Settlement Practices Act claim.

Motion having been made and for the reasons set forth herein and the court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that the motion of the defendant, Stewart Title Guaranty Company, for summary judgment (DN 20) is **DENIED.**

**IT IS SO ORDERED.**